## No. 5952.

### R. S. HOWARD vs. EUGENE WAGGAMANN, SHERIFF, ET AL.

In a suit against Short and Howard, *in solido*, for twenty-five hundred dollars, on motion, a suspensive appeal was granted to defendants. But Short alone filed a bond. Hence plaintiff in the suit against Short and Howard, and defendant Howard, became appellees. As to Short, the only appellant in said case, judgment was reversed. Execution issued against Howard, who enjoined the execution.

The judgment rendered by the district court was not reversed as to Howard, who had not brought up his appeal. Howard contends that he is included in the decree of this court reversing the judgment of the district court against defendants in the suit of Irvine against Short and Howard. This is an error. This court could not include in its judgment one who was not before the court.

The plea that the consideration on which the judgment was based was a loan of Confederate money, can not be received. Whatever the consideration of the obligation sued on, the judgment of the district court has long ago become final, and the basis upon which it rested can not be inquired into.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier, J. J. W. Thomas* and *Semmes & Mott*, for plaintiff and appellant. *Breaux, Fenner & Hall*, for defendants and appellees.

MORGAN, J. F. W. Irvine instituted suit against R. H. Short and R. S. Howard, to recover from them *in solido* twenty-five hundred dollars.

Judgment was rendered against them as prayed for. Motion was made for a suspensive appeal, which was granted. Short alone filed a bond.

In this court Irvine moved to dismiss the appeal, on the ground that Howard was a necessary party thereto, and, having failed to file his bond, had not been made a party.

The motion was denied, on the ground that Howard not having filed his bond, thus bringing up his appeal, he and the plaintiff were appellees.

As to Short, the judgment was reversed. This judgment was rendered in 1871.

On the judgment rendered against him in the case of Irvine vs. Short and Howard execution issued against Howard. He enjoins the execution thereof. His allegations are:

First—That there is no judgment against him, because the judgment in the case of Irvine vs. Short and Howard was reversed.

Second—That the consideration on which the judgment was based was a loan of Confederate money.

First—The judgment rendered by the district court against Howard was not reversed. He did not bring up his appeal. And we held that he was an appellee. In the decretal part of our judgment it was ordered that the judgment of the district court against the "*defendants*" be reversed. Plaintiff contends that "defendants" in the decree included him. This is an error. We could not include in a judgment one who was not before us.

Second—Whatever the consideration of the obligation sued on, the judgment of the district court has long ago become final, and the basis upon which it rested can not now be inquired into. Plaintiff has got himself into trouble by his own neglect, and we can not relieve him.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be affirmed with costs in both courts.

Rehearing refused.